Ryan E. Manns (SBT 24041391)
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

COUNSEL FOR CREDIT UNION LIQUIDITY SERVICES, LLC
f/k/a Texans Commercial Capital, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 10-31171-sgj-11 |
| | § | |
| MARIAH BAY LEASING | § | |
| CORPORATION | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | |

### AFFIDAVIT OF BRYAN PETSKA

STATE OF TEXAS        §
                     §
COUNTY OF DALLAS      §

BEFORE ME, the undersigned authority, on this day personally appeared Bryan Petska, who being by me first duly sworn, did upon oath state the following:

1. "My name is Bryan Petska, I am over the age of eighteen years, have never been convicted of a crime, am competent to make this Affidavit, and in my capacity as portfolio manager of Credit Union Liquidity Services, LLC f/k/a Texans Commercial Capital, LLC ("CULS") have personal knowledge of the facts stated herein, which are all true and correct.

2. I am and have been at all relevant times for purposes of this bankruptcy proceeding the portfolio manager of CULS and custodian of records of CULS and I have access to and am familiar with the books and records of CULS with respect to the below-described note and of the business relationship with the borrower and guarantors. I am authorized to make this Affidavit on behalf of CULS.

3. Toward the end of 2007, Texans Commercial Capital, LLC, a Texas limited liability company, changed its name to Credit Union Liquidity Services, LLC and is now Credit Union Liquidity Services, LLC f/k/a Texans Commercial Capital, LLC ("CULS"). A true and correct copy of CULS's Certificate of Name Change is attached hereto as **Exhibit 1**.

4. On or about December 27, 2006, Mariah Bay Leasing Corporation ("Mariah Bay" and "Borrower") executed a Promissory Note in the original principal amount of $31,000,000.00

payable to CULS (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit 2**.

5. On or about December 27, 2006, pursuant to the Note, Mariah Bay executed a Loan Agreement (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit 3**.

6. Contemporaneously with the execution of the Note, Mariah Bay executed a Notice of Final Agreement ("Notice"), a true and correct copy of which is attached hereto as **Exhibit 4**.

7. Contemporaneously with the execution of the Note, Robert S. Whittle ("Whittle") executed a guaranty (the "Whittle Guaranty"), a true and correct copy of which, is attached hereto as **Exhibit 5**.

8. Contemporaneously with the execution of the Mariah Bay Note, Whittle Development, Inc. ("WDI") executed a guaranty (the "WDI Guaranty"), a true and correct copy of which, is attached hereto as **Exhibit 6**.

9. Contemporaneously with the execution of the Note, Mariah Bay executed a Deed of Trust, Security Agreement, Financing Statement and Assignment of Rents and Leases (the "Deed of Trust"), a true and correct copy of which, is attached hereto as **Exhibit 7**.

10. As of December 4, 2008, Mariah Bay, as Borrower, and CULS, as Lender, entered into that certain Modification of Loan Agreement, Note and Lien (the "Loan Modification"). A true and correct copy of the Loan Modification is attached hereto as **Exhibit 8**.

11. The term "Loan Documents" as used herein shall mean the Loan Agreement, Guaranties, Note, Deed of Trust, Security Agreement, Loan Modification and Notice, collectively.

12. CULS is the owner and holder, and in possession of the original, of each of the Note, Whittle Guaranty and WDI Guaranty.

13. The transaction represented by the Loan Agreement closed and funded on December 29, 2006. At such closing, Mariah Bay executed and delivered to CULS a Settlement Statement (the "Settlement Statement"). A true and correct copy of the Settlement Statement is attached hereto as **Exhibit 9.** Under the Settlement Statement, Mariah Bay acknowledged receipt and disbursement of loan funds totaling $31,000,000. CULS funded the total amount of the loan at such closing.

14. Mariah Bay failed to make a payment of $197,805.66 ($156,827.08 of which was allocated to interest) that was due and payable under the Note on September 1, 2009. Notice of said default was provided on September 17, 2009 by letter, a true and correct copy of which is attached hereto as **Exhibit 10**. After the expiration of five (5) days from each payment due date, without payment by Debtor, an Event of Default (as defined in the Loan Documents) occurred.

15. Mariah Bay again defaulted under the Note by failing to make a payment of $197,805.66 that was due and payable under the Note on October 1, 2009. Notice of said default was provided on October 15, 2009 by letter, a true and correct copy of which is attached hereto as **Exhibit 11** After the expiration of five (5) days from each payment due date, without payment by Debtor, an Event of Default (as defined in the Loan Documents) occurred.

16. Mariah Bay again defaulted under the Note by failing to make a payment of $197,805.66 that was due and payable under the Note on December 1, 2009. Because Mariah Bay's failure to timely pay the payment due on December 1, 2009 was the third instance of such failure to pay within a rolling twelve month period, CULS was not required to give notice and an Event of Default (as defined in the Loan Documents) occurred and is continuing.

17. The Debtor's financial projections, attached as Exhibit 2 to the Disclosure Statement, are not supported by the Debtor's historical projections or the Debtor's financial performance in bankruptcy. As reflected in the Debtor's 2009 Recap of Cash Flow, dated 2/23/10, the Debtor's monthly collections for 2009 averaged $220,141.00. Moreover, the Debtor's net cash flow for 2009 was negative $121,087.00. A true and correct copy of the Debtor's 2009 Recap of Cash Flow is attached hereto as **Exhibit 12**.

18. The Debtor's monthly collections for the month of May, 2010, was $237,944.32. A true and correct copy of the Debtor's cash flow for May 1, 2010, through May 31, 2010, is attached hereto as **Exhibit 13**.

19. A true and correct copy of the original complaint captioned *Robert Patrick Sapp and Randy Snow v. Mariah Bay Development, Inc.*, Civil Action No. 3-09CV2130-L, filed in the United States District Court for the Northern District of Texas (Dallas Division), is attached hereto as **Exhibit 14**.

20. The foregoing records attached to my affidavit hereto as **Exhibits 1-13** (collectively, the "Record(s)") are kept by CULS in the regular course of business, and it was in the regular course of business of CULS for one of their employees or representatives, with knowledge of the act, event, condition, opinion or diagnosis, recorded to make the Records or to transmit information thereof to be included in such Records; and the Records were made at or near the time or reasonably soon thereafter. The Records attached hereto are the originals or exact duplicates of the originals.

Bryan Petska

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this the 23rd day of June 2010.

CHANTAL ANSARI Notary Public in and for the State of Texas
Notary Public, State of Texas
My Commission Exp. 03-14-2014
CHANTAL ANSARI
Printed Name of Notary